## McCown, et al. v. Langhorne, et al.

(Decided March 6, 1912.)

### Appeal from Pike Circuit Court.

Navigable Streams—Booms Therein—Obstruction.—A boom built in a navigable stream without authority of law is an unlawful obstruction of the stream under the statute, and no damages may be recovered by the owners of the boom from one who negligently injures it by cutting trees into the stream.

J. D. CLINE for appellant.

YORK & JOHNSON for appellee.

Opinion of the Court by Chief Justice Hobson—Affirming.

John McCown and James Haley, Jr., erected at the mouth of Shelby Creek in Pike County a boom for the purpose of catching logs, the creek being a non-navigable stream except for logs and ties, and being a tributary of the Big Sandy River; they contracted with divers persons to catch logs in the boom, and to keep them from getting adrift in the Big Sandy River, at the agreed price of 15 cents a log. Divers persons along the banks of Shelby Creek placed logs in the creek which McCown and Haley were to catch in their boom for them. McCown and Haley leased the banks of the creek on each side where their boom was erected from the owners of the land. They expended several hundred dollars in erecting their boom and were using it for the purpose for which it was built, when C. D. Langhorne and D. A. Langhorne, who were constructing a line of railroad upon the creek, negligently cut down and pitched into Shelby Creek a number of large trees which formed a drift and caught the logs coming down the creek to the number of one thousand or more, until the mass became so great as to break through the trees which had been cut into the creek, and the whole was then carried down by the water against the boom with such force that it was broken from its fastenings, swept out into the Big Sandy River and lost. Shelby Creek can only be used for floating logs during large freshets and a small portion of the year. It empties into the Big Sandy about one hundred and twenty miles from its mouth. McCown and

Haley charged only fifteen cents for catching the logs in the boom when they would cost the owners twenty-five cents apiece if taken up on the river. The maintenance of the boom was to the interest of the persons floating out logs. No owners of logs in the stream objected to the erection of the boom and no one entitled to the use of the stream objected to it. On the contrary all persons desiring the use of the stream assented to its construction, as it was advantageous to them. The boom did not materially interfere with the course of navigation common to all citizens, and in no way inconvenienced any persons entitled to the use of the stream. C. D. Langhorne and D. A. Langhorne cut and pitched into the stream whole trees when an ordinarily prudent person should have anticipated the injury to the owners of the boom that ensued, and did this knowing that the boom was erected at the mouth of the stream.

McCown and Haley brought suit against D. A. Langhorne and C. D. Langhorne to recover damages for the destruction of their boom, alleging in their petition in substance the facts above stated. The Circuit Court sustained a demurrer to their petition and they failing to plead further, dismissed the action. They appeal.

Section 1392b, Ky. St., is as follows:

"That it shall be unlawful for any person to obstruct any stream or erect any dams below ten miles from the head of said streams in this Commonwealth, which is navigable for the running of push boats, floating of saw logs, staves or ties, by erecting any dams or other obstruction, or refusing to remove same, which have heretofore been erected not in accordance with the statutes of this Commonwealth; and any person so offending shall, upon conviction, be fined not less than fifty dollars and not more than five hundred dollars for each offense."

Shelby Creek is navigable for the floating of saw logs, staves and ties. The boom was erected at the mouth of the creek. It was an obstruction to the navigation of the stream. It was not erected by any authority of law. It was therefore an illegal structure. Being an illegal structure, the owners of the boom can not complain that the defendants cut trees into the creek which caused the boom to break and be destroyed. The defendants owed the plaintiffs no duty. The action is based upon negligence, but the boom being an illegal

structure, the defendants were not required to so cut the trees that they might not form drifts which would wash out and so injure the boom.

Judgment affirmed.